J-A09025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN-MYLAND, INC. AND LARRY ALLEN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARMIN INTERNATIONAL, INC. AND WINNER AVIATION CORPORATION | : | No. 2308 EDA 2018 |
| | : | |
| APPEAL OF: ALLEN-MYLAND, INC. | : | |

Appeal from the Judgment Entered August 2, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2013-005759

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                          **FILED APRIL 30, 2019**

Allen-Myland, Inc. (Appellant) appeals from the judgment entered in favor of Garmin International, Inc. (Garmin) and Winner Aviation Corporation (Winner) (collectively, Appellees).  Upon review, we agree with the trial court that pursuant to Pennsylvania Rule of Civil Procedure 227.1, Appellant's post-trial motion was deficient, and as a result, Appellant's issues are waived.  Accordingly, we affirm.

Appellant commenced the underlying action on June 11, 2013.  In its

_____

* Retired Senior Judge assigned to the Superior Court.

amended complaint,[1] Appellant alleged causes of action against both Appellees for fraud, breach of implied warranty of fitness for a particular purpose, breach of express warranty, unfair trade practices,[2] and breach of contract. As the trial court and the parties are familiar with the underlying facts and procedural history, which are generally undisputed, we adopt the summary set forth in this Court's May 24, 2016 opinion. **See Allen-Myland, Inc.**, 140 A.3d at 680-681. That opinion: (1) reversed the partial summary judgment granted in favor of Garmin with respect to Appellant's fraud and breach of implied warranty claims; (2) reversed the compulsory nonsuit, entered at the December 14, 2015 bench trial on the remaining breach of express warranty and breach of contract claims against Garmin; (3) reversed the nonsuit entered on all claims against Winner; and (4) remanded the case for a new trial.[3] **Id.** at 681.

---

[1] Although Larry Allen, Appellant's president and sole shareholder, was a named plaintiff in the original complaint, he was not named in the amended complaint. **Allen-Myland, Inc. v. Garmin Int'l, Inc.**, 140 A.3d 677, 680 n.1 (Pa. Super. 2016). Appellant has confirmed that Allen is no longer a party to the action. N.T. Trial, 8/4/17, at 4.

[2] **See** Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3

[3] Although this Court remanded "for further proceedings," a new trial was proper. **See Scampone v. Highland Park Care Ctr., LLC**, 57 A.3d 582, 596 (Pa. 2012) (upon appellate removal of compulsory nonsuit, matter is remanded for new trial).

Upon remand, the trial court conducted a bench trial on the following claims: breach of implied warranty against both Appellees, and breach of express warranty and breach of contract against Winner.[4] *See* Appellant's Memorandum of Law, Proposed Findings of Fact, Conclusions of Law, and Proposed Order, 11/21/17, at 2. Appellant sought damages in the amount of $90,165. The trial court heard evidence on August 14, 15, and 31, 2017. Appellant presented the testimony of Allen and Peter Quick (Winner's employee) as if Quick were on cross-examination. N.T. Trial, 8/14/17, at 11-86, 147-185. At the close of Appellant's case, Garmin moved for nonsuit on Appellant's sole claim against Garmin (breach of implied warranty), arguing that Appellant failed to establish that Winner had apparent authority or agency by estoppel to act on behalf of Garmin. *Id.* at 190-191. The court deferred ruling. *Id.* at 204. Meanwhile, Appellees presented their defense, which included the testimony of Quick, two Garmin employees, and an expert in the field of aircraft valuation. The parties made closing arguments on December 18, 2017. On April 12, 2018, the trial court issued its ruling in favor of Appellees on all counts.

On April 20, 2018, Appellant filed a timely post-trial motion. It subsequently petitioned for leave to amend the motion to clarify that it was seeking relief on its implied warranty claims against both Appellees, and not

---

[4] The judge who presided at the first trial, the Honorable Charles Burr, recused from the case, and the case was reassigned to the Honorable Spiros Angelos.

just Garmin. The trial court heard argument on June 25, 2018, at which point it orally granted Appellant's request to amend the motion. N.T., 6/25/18, at 4. Appellant then argued that the trial court should reverse its April 12, 2018 ruling in favor of Appellees. In response, Appellees argued that Appellant's post-trial motion should be dismissed because it lacked specificity in contravention of Pa.R.Civ.P. 227.1; in the alternative, Appellees argued that Appellant's motion should be denied on the merits. With regard to the mandate of Pa.R.Civ.P. 227.1, Appellant responded that its claims were familiar to both the court and Appellees because the claims had been addressed and litigated throughout the case. *Id.* at 22-23. Appellant argued:

> These are issues that have been before this Court. This Court is quite aware -- I find it almost insulting to believe that the Court has no idea what issues it is that are before them. This is the whole case that has been before Your Honor. It has been in all the briefs, it has been in all the arguments. And it is the same thing. To have suggested that all of that had to be put into the motion really makes no sense. Your Honor is quite aware of what the averments of error have been.

*Id.* at 23. Nonetheless, Appellant made a second request to amend its post-trial motion, stating:

> And if [the court] was not [clear about issues and] it requires additional -- an additional amendment to the motion I would ask the Court to give us an opportunity to then amend it and put in the language if the Court believes that it did not have enough information to know what it is we were complaining about.

*Id.* at 35-36. The trial court denied Appellant's request. *Id.* at 37.

The following day, the trial court issued an order memorializing its denial of Appellant's second request to amend its post-trial motion. Order, 6/26/18.

On June 28, 2018, Appellant filed an amended post-trial motion which included the first requested revision which the trial court granted — that Appellant was seeking relief on its implied warranty claim against both Garmin and Winner, and not just Winner.

On July 30, 2018, the trial court issued an order denying Appellant's post-trial motion. Judgment was entered in favor of both Appellees on August 2, 2018. Appellant filed a timely notice of appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925 statement.[5] The court issued an opinion on October 4, 2018, explaining that it denied Appellant's post-trial motion for failure to comply with Rule 227.1, and even if Appellant's issues were not waived, denial was appropriate on the merits.

Appellant presents five issues for review:[6]

[1.] DID THE TRIAL COURT ERR IN CONCLUDING THAT [APPELLANT] WAIVED ALL ISSUES ON APPEAL?

[2.] DID THE TRIAL COURT ABUSE ITS DISCRETION AND/OR ERR AS A MATTER OF LAW IN FINDING THAT WINNER DID NOT ACT AS THE AGENT OF GARMIN UNDER THE DOCTRINES OF APPARENT AUTHORITY AND/OR AGENCY BY ESTOPPEL?

---

[5] Appellant's Rule 1925(b) statement—possibly as consequence of the Pa.R.C.P. 227.1 post-trial motion issue—is improperly lengthy, spans 4 pages, includes a "Preliminary Statement," and raises 4 claims, all of which are further divided into 3 or 4 sub-claims. We remind Appellant that unlike Pa.R.C.P. 227.1, Pa.R.A.P. 1925(b) provides that the statement "shall set forth only those rulings or errors that the appellant intends to challenge," "shall concisely identify each ruling or error," and "should not be redundant or provide lengthy explanations as to any error." **See** Pa.R.A.P. 1925(b)(4)(i), (ii), (iv).

[6] We have reordered the issues for ease of discussion.

[3.] DID THE TRIAL COURT ABUSE ITS DISCRETION AND/OR ERR AS A MATTER OF LAW IN FINDING THAT NEITHER GARMIN NOR WINNER BREACHED ITS IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BECAUSE ALTITUDE CAPTURE WAS NOT SPECIFICALLY MENTIONED IN THE DISCUSSIONS PRIOR TO PURCHASE?

[4.] DID THE TRIAL COURT ABUSE ITS DISCRETION AND/OR ERR AS A MATTER OF LAW IN FINDING THAT WINNER DID NOT BREACH ITS EXPRESS WARRANTY BECAUSE ALTITUDE CAPTURE WAS NOT SPECIFICALLY MENTIONED IN THE WARRANTY CONTAINED IN THE CONTRACT?

[5.] DID THE TRIAL COURT ABUSE ITS DISCRETION AND/OR ERR AS A MATTER OF LAW IN FINDING THAT WINNER DID NOT BREACH ITS CONTRACT BECAUSE ALTITUDE CAPTURE WAS NOT SPECIFICALLY MENTIONED IN THE CONTRACT?

Appellant's Brief at 5.

Appellant argues that the trial court erred in finding that its post-trial motion failed to state claims with specificity as required by Rule 227.1. Appellant maintains that its motion properly identified the court's findings that it sought to dispute in compliance with Rule 227.1, where the record "in this matter reveals that the trial court was well aware of the issues . . . ." Appellant's Brief at 61. Appellant further argues that "[e]ven if . . . there is a technical violation of the [R]ule, neither [Appellee] suffered harm as the [R]ule is for the benefit of the trial court and appellate court, neither of which have been harmed." *Id.* at 65. Upon careful review, we disagree.

Rule 227.1(b)(2) provides that "post-trial relief may not be granted unless the grounds therefor . . . are specified in the motion." Pa.R.Civ.P. 227.1(b)(2). Furthermore, a motion for post-trial relief "shall specify the relief

- 6 -

requested and may request relief in the alternative." Pa.R.Civ.P. 227.1(d).

The comment to the rule explains:

> In requiring the motion to state the specific grounds therefor, motions which set forth mere "boilerplate" language are specifically disapproved. A post-trial motion must set forth the theories in support thereof "so that the lower court will know what it is being asked to decide." **Frank v. Peckich**, . . . 391 A.2d 624, 632-633 ([Pa. Super.] 1978).

Pa.R.Civ.P. 227.1, *comment*.

> Appellant's amended post-trial motion stated:
>
> 1. The trial court erred in finding that [Appellant's] claim against Garmin and Winner for breach of implied warranty of fitness for a particular purpose failed because there was no proof as to specific discussions regarding the altitude capture function. The Court's finding is contrary to the law and the weight of the evidence presented at trial.
>
> 2. The trial court erred in finding that [Appellant's] claim against Winner for breach of express warranty failed because there was no express warranty other than that mentioned in the contract. The Court's finding is contrary to the law and the weight of the evidence presented at trial.
>
> 3. The trial court erred in finding that [Appellant's] claim of breach of contract against Winner failed because the function of altitude capture was not mentioned in the contract. The Court's finding is contrary to the law and the weight of the evidence presented at trial.
>
> 4. The trial court erred in finding that Winner was not acting as the agent of Garmin pursuant to the doctrines of apparent authority and/or agency by estoppel. The Court's finding is contrary to the law and the weight of the evidence presented at trial.
>
> 5. The trial court erred in failing to find in favor of [Appellant] and against Winner and Garmin in the sum of [$]90,165.00. The Court's failure to make such finding is contrary to the law and the weight of the evidence presented at trial.

Appellant's Motion for Post-Trial Relief, 6/28/18, at 2.

The trial court explained its denial of Appellant's post-trial motion as follows:

> Appellant[ ] made an oral motion to amend [its] motion for post-trial relief, [66] days after the motion was originally filed. Given the passage of time since the original filing of the motion for post-trial relief as well as the fact that Appellants had already moved for leave to amend the motion once, this oral motion was denied. The final disposition of this motion occurred when the Motion for Post-Trial Relief was denied for failure to comply with [Rule] 227.1, just as the above-cited case law and rules indicate was appropriate.

Trial Court Opinion, 10/4/18, at 9-10. After careful review, and mindful of the tortured procedural history and complex issues in this case, we agree with the trial court that Appellant's post-trial motion lacked the specificity required by Rule 227.1. *See* Pa.R.Civ.P. 227.1(b)(2), (d)(2) & *comment*.

Appellant broadly stated that "the trial court erred in finding …," then inserted the court's finding, with the concluding refrain that the finding "was contrary to law and against the weight of the evidence presented at trial." Appellant's Motion for Post-Trial Relief, 6/28/18, at 2. Although Appellant assailed the trial court's findings, it did so generally, without advancing **how** the findings were flawed, *i.e.*, without providing "theories . . . so that the lower court will know what it is being asked to decide." Pa.R.Civ.P. 227.1, *comment*. Although, as Appellant argued, the trial court was aware of Appellant's many issues that it presented "before [the court] throughout the litigation," Appellant's assertion that "it is the same thing" post-trial, improperly charges

- 8 -

the trial court with parsing and divining precisely which legal theories Appellant sought to advance and argue post-trial. **See** N.T., 6/25/18, at 22-23. The lack of specificity in Appellant's post-trial motion thus placed the trial in an untenable situation – in fact, a situation that Rule 227.1 seeks to avert. Accordingly, we agree that Appellant did not comply with Rule 227.1 and Appellant's issues are waived.

Furthermore, even if Appellant's issues were not waived, we would conclude that no relief is due. First, Appellant claims that the trial court erred in finding that Winner was not Garmin's agent under the doctrines of apparent authority or agency by estoppel. **See** Appellant's Brief at 44-46, 53. **See also Walton v. Johnson**, 66 A.3d 782, 786 (Pa. Super. 2013) ("Apparent agency exists where the principal, by word or conduct, causes people with whom the alleged agent deals to believe that the principal has granted the agent authority to act. Authority by estoppel occurs when the principal fails to take reasonable steps to disavow the third party of their belief that the purported agent was authorized to act on behalf of the principal.").

Appellant ignores the trial court's observation — which the parties do not dispute — that the contract was between Appellant and Winner only. **See** Trial Court Opinion, 10/4/18, at 13. Appellant might have an agency claim if its contract were with **Garmin**, and Winner, acting or holding itself out as Garmin's agent, executed the contract on Garmin's behalf. This was not the case, however, and thus Appellant's claims against Garmin would not succeed

under an agency theory.

Appellant also alleges that the trial court erred in rejecting its breach of implied warranty claim against Winner because altitude capture was not specifically mentioned in Allen and Quick's discussions prior to purchase. **See**

**Allen-Myland, Inc.**, 140 A.3d at 683 (generally, under 13 Pa.C.S.A. § 2315, where the seller at the time of contracting has reason to know (1) any particular purpose for which the goods are required and (2) that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose). Appellant concedes that it "has never contended that altitude capture was specifically mentioned leading up to the contract being signed," but rather, it has consistently argued that in pre-purchase discussions, both Allen and Quick "understood" that Allen wanted altitude capture. Appellant's Brief at 20.

As Appellant acknowledges, the trial court emphasized it was undisputed "that the specific functions of altitude capture and vertical navigation were not mentioned during" the pre-purchase discussions. **See** Trial Court Opinion, 10/4/18, at 10-11. The court explained:

> Absent discussion concerning or communications referencing these functions, Appellant[ ] had no opportunity to communicate, verbally or otherwise, to Appellees that [it was] relying on Appellees['] expertise in the choice and installation of the new avionics systems to make sure that the functions of altitude capture and vertical navigation would continue to function.

**Id.** at 11. We would agree with the trial court's reasoning and deny relief.

Appellant's last two issues are that the trial court erred in finding,

respectively, that Winner did not breach an express warranty and did not breach the parties' contract. Appellant recognizes that the written contract did not reference altitude capture, but nevertheless maintains that conversations between Allen and Quick "sufficed as an express warranty." Appellant's Brief at 35.

"Given that express warranties are specifically negotiated (rather than automatically implied by law), it follows that to create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them." *Goodman v. PPG Indus.*, 849 A.2d 1239, 1243 (Pa. Super. 2004). "To succeed on a breach of contract claim, a plaintiff must prove the existence of a contract and its essential terms, breach of a contractual duty, and damages." *Allen-Myland, Inc.*, 140 A.3d at 692 (citation omitted). "In the cases of a written contract, the intent of the parties is the writing itself. . . . When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself." *Lenau v. Co-Exprise, Inc.*, 102 A.3d 423, 429 (Pa. Super. 2014) (citations omitted).

Instantly, the trial court found that in the absence of any specific reference to automatic altitude capture in Winner's express warranty, Appellant did not establish a breach of express warranty. We would agree. To create an express warranty as to automatic altitude capture, Winner must have "expressly communicate[d]" to Appellant, but it is undisputed that

Winner did not do so—either orally in the written contract. **See Goodman**, 849 A.2d at 1243. We would likewise agree that where the contract made no reference to automatic altitude capture, Winner could not have breached the contract in this regard. Further, we would reject Appellant's contention that this Court may consider the "surrounding circumstances" of the parties pre-contract in determining the parties' intent. **See Lenau**, 102 A.3d at 429; Appellant's Brief at 38.

In sum, after careful review, we discern no error by the trial court and therefore affirm the judgment entered in favor of Appellees.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19